IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEFINITIVE HOLDINGS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>POWERTEQ LLC, a Kentucky limited liability company,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS<br><br><br>Case No. 2:18-cv-844 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Definitive Holding's Motion to Dismiss Powerteq's claims for declaratory judgments and its inequitable conduct defense. For the reasons discussed below, the Court will grant the motion.

I. BACKGROUND

Definitive Holdings, LLC ("Definitive Holdings") is a Utah based company that is the assignee to all rights to U.S. Patent No. 8,458,689 ('689).[1] Patent '689 relates to a device and method of upgrading vehicle software to alter vehicle performance. According to Definitive Holdings, the technology can be used to modify a vehicle's internal software to "change a number of operating parameters with the vehicle, such as top speed limit, the rev limit, the throttle response, and the power curve."[2]

---

[1] Docket No. 8, at 1, 3.
[2] *Id.* at 3.

1

Powerteq LLC ("Powerteq") is a Delaware limited liability company that has an established place of business in Utah.[3] Powerteq designs, manufactures and sells aftermarket automotive parts under numerous brands and models in the United States.[4]

In October 2018, Definitive Holdings filed suit against Powerteq, alleging infringement of the '689 patent, including direct infringement, induced infringement, and contributory infringement.[5]

In December 2018, Powerteq filed its Answer.[6] Included in that filing, Powerteq also sought counterclaim declaratory judgments that the '689 patent was not infringed and that it is invalid. In addition, Powerteq asserted inequitable conduct claims as an affirmative defense.

In the Motion presently before the Court, Definitive Holdings seeks to have these claims dismissed. Definitive Holdings has also filed a Motion for Partial Summary Judgment on the issue of whether the '639 patent is patent eligible.[7]

## II. ANALYSIS

*a. Counterclaims for Declaratory Judgments*

Powerteq seeks a declaratory judgment from the Court that it has not directly or indirectly infringed any claim of the '689 patent.[8] Powerteq argues that it has not infringed on the patent because "it does not meet all of the claim elements in any single claim."[9] Beyond this legal

---

[3] *Id.* at 2.
[4] Docket No. 13, at 3.
[5] Docket No. 8, at 6–23.
[6] Docket No. 13.
[7] Docket No. 27.
[8] *Id.* at 29.
[9] *Id.*

conclusion, Powerteq does not explain how or why its activities in designing, manufacturing, and selling aftermarket automotive parts do not and have not infringed the '639 patent.[10]

Powerteq also seeks a declaratory judgment that the claims of the '639 patent are invalid.[11] Powerteq alleges that the claims are invalid for two reasons: 1) they "are anticipated and/or rendered obvious by, both prior art and the fact that it is believed that a product was in use or on sale that practiced the invention prior to the priority date of the '689 Patent." and; 2) "the '689 Patent is drawn to an abstract idea and is ineligible for patent protection under 35 U.S.C. §101."[12] Beyond these legal conclusions, Powerteq does not explain why the claims of the '639 patent were anticipated, obvious, or based on an abstract idea.[13]

Under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[14] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[15] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[16] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[17]

---

[10] *Id.*
[11] *Id.* at 30.
[12] *Id.*
[13] *Id.*
[14] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).
[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[17] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[18] As state by the United States Supreme Court in *Iqbal*,

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[19]

Powerteq's pleading in this case is inadequate because it offers mere "labels and conclusions," and no more than a "formulaic recitation of the elements of a cause of action."[20] Therefore, Powerteq's counterclaims must be dismissed.

      b. *Inequitable conduct defense*

In its Third Defense, Powerteq alleges that the '639 patent is not enforceable because of the doctrine of inequitable conduct.[21] Powerteq alleges that Definitive Holdings, on information and belief, "violated the in use or on sale rule and failed to inform the U.S. Patent and Trademark Office."[22] Powerteq does not provide any further details.

In *Therasense, Inc. v. Becton, Dickinson & Co.*, the Federal Circuit described how "the inequitable conduct doctrine has plagued not only the courts but also the entire patent system."[23] The court noted that alleging inequitable conduct has become "a common litigation tactic,"

---

[18] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).
[19] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).
[20] *Iqbal*, 556 U.S. at 678
[21] Docket No. 13, at 27.
[22] *Id.*
[23] 649 F.3d 1276, 1289 (Fed. Cir. 2011).

asserted in "almost every major patent case" on even the "slenderest grounds."[24] The Federal Circuit also recognized many costs of this "absolute plague,"[25] including "increased adjudication cost and complexity, reduced likelihood of settlement, burdened courts, strained PTO resources, increased PTO backlog, and impaired patent quality."[26]

The standards for adequately pleading inequitable conduct are accordingly exacting. As outlined by the Federal Circuit in *Exergen Corp. v. Wal-Mart Stores, Inc.*, the accused infringer must meet the strict pleading standards of fraud contained in Federal Rule of Civil Procedure 9(b), including: "identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO."[27] "A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)."[28]

A successful pleading must also provide adequate support for the Court to reasonably infer that the bad actor(s) had specific intent.

> Although "knowledge" and "intent" may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.[29]

---

[24] *Id.* (internal quotations and citations omitted).
[25] *Id.*
[26] *Id.* at 1290.
[27] 575 F.3d 1312, 1327 (Fed. Cir. 2009).
[28] *Id.* at 1326–27.
[29] *Id.* at 1328–29.

5

Powerteq fails to identify "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO."[30] Powerteq also fails to provide adequate support to show that the alleged bad actions were taken with specific intent.

### III. CONCLUSION

For the reasons discussed above, the Court will grant Definitive Holding's Motion to Dismiss Powerteq's counterclaims and inequitable conduct defense. As requested, and in accordance with Federal Rule of Civil Procedure 15(a)(2), these claims will be dismissed without prejudice and Powerteq will be granted leave to amend its pleading.[31] Definitive Holding's Motion for Partial Summary Judgment is rendered moot by this order because there is no well-pleaded invalidity claim before the Court.

It is therefore

ORDERED that Definitive Holdings' Motion to Dismiss (Docket No. 27) is GRANTED.

It is further

ORDERED that Powerteq is granted leave to amend its pleading.

It is further

ORDERED that Definitive Holdings' Motion for Partial Summary Judgment (Docket No. 28) is rendered MOOT and denied without prejudice.

DATED this 7th day of June 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[30] *Id.* at 1327.
[31] Docket No. 33, at 3.