IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEFINITIVE HOLDINGS, LLC, a Utah limited liability company,<br><br>                Plaintiff,<br>v.<br><br>POWERTEQ LLC, a Kentucky limited liability company,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S EMERGENCY MOTION TO RECONSIDER<br><br>Case No. 2:18-CV-844 TS-DBP<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Emergency Motion to Reconsider, which the Court has construed as an objection to the Magistrate Judge's June 19, 2019 Order.

Under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, the Court reviews a Magistrate Judge's order on nondispositive matters to determine whether it is clearly erroneous or contrary to law.[1] "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[2] "Under the 'contrary to law' standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard."[3]

---

[1] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[2] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[3] *Raytheon Co. v. Cray, Inc.*, No. 2:16MC898 DAK, 2017 WL 823558, at *2 (D. Utah Mar. 2, 2017) (quotation marks omitted).

The Court has carefully reviewed Defendant's arguments and cannot conclude that the Magistrate Judge's Order is clearly erroneous or contrary to law. However, the Court agrees that Plaintiff should be required to serve its Initial Infringement Contentions before Defendant serves its Initial Non-Infringement, Unenforceability, and Invalidity Contentions, in keeping with the Court's Local Patent Rules and the Scheduling Order. It is therefore

ORDERED that Defendant's Emergency Motion to Reconsider (Docket No. 44) is GRANTED. Plaintiff is ordered to serve its Initial Infringement Contentions by August 9, 2019. Defendant is ordered to serve its Initial Non-Infringement, Unenforceability, and Invalidity Contentions by August 16, 2019. Final Infringement Contentions are due on August 23, 2019. Final Unenforceability and Invalidity Contentions are due on August 30, 2019. Final Non-Infringement Contentions are due on September 3, 2019. No further extensions will be considered or permitted.

DATED this 6th day of August, 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge