# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEFINITIVE HOLDINGS, LLC, a Utah limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> POWERTEQ LLC, a Kentucky limited liability company, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S SHORT FORM DISCOVERY MOTION** <br><br> Case No: 2:18-cv-00844-TS-DBP <br><br> Judge Ted Stewart <br> Magistrate Judge Dustin B. Pead |

District Judge Ted Stewart referred this matter to undersigned in accordance with 28 U.S.C. § 636(b)(1)(A). (ECF No. 22.) The matter is before the court on Plaintiff Definitive Holdings, LLC's renewed Motion for Short Form Discovery. (ECF No. 55.) Definitive Holdings seeks an order that James E. Conforti, Jr. is "qualified as a Technical Advisor under the Protective Order" and also requests guidelines for review of Defendant Powerteq LLC's source code.

The matter is fully briefed and the court has carefully reviewed the moving papers submitted by the parties. Pursuant DUCivR 7-1(f), oral argument is unnecessary and the court will determine the motions on the basis of the written papers.

## BACKGROUND

This is a software patent infringement case involving modifying software that resides in the electronic control unit in vehicles. *See* Amended Complaint, ECF No. 8. In the Amended Complaint, Definitive Holdings identifies Mr. James E. Conforti, Jr., approximately six times, as

a co-inventor of patented technology at issue in this matter. *See generally* Amended Complaint. Definitive Holdings once again seeks to have Mr. Conforti qualified as a Technical Advisor as set forth in the Standard Protective Order (Protective Order). *See* DUCivR 26-2(a), Protective Order available online at https://www.utd.uscourts.gov/usdc-forms. The court denied this same request previously without prejudice. (ECF No. 50.) In that order the court expressed some concerns with whether Mr. Conforti qualifies to serve as a Technical Advisor under the requirements of the Protective Order. The court found that Mr. Conforti's relationship to Definitive Holdings was unclear based upon the information before it. Additionally, the court expressed concern about whether Definitive Holdings was "attempting to circumvent the overarching principle of the Protective Order requiring that nominating a disinterested person serve in the role of Technical Advisor." (ECF No. 50, p. 4.) Definitive Holdings renews its motion and attaches an affidavit from Mr. Conforti in support.

## DISCUSSION

The Protective Order governs information produced in this action, designating information into protective categories such as Confidential Information – Attorneys Eyes Only and Confidential Information. It also classifies individuals who are authorized and not authorized to review the designated information. *See* DUCivR 26-2(a), Protective Order available online at https://www.utd.uscourts.gov/usdc-forms. Under the Protective Order terms, parties may designate any person as a Technical Advisor if certain conditions are met. The term Technical Advisor refers "to any person who is not a party to this action and/or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's" Protected Information.

Protective Order p. 4.  A Technical Advisor is to sign a disclosure agreement identifying in relevant part, his or her affiliation, or lack thereof, with the receiving party.  *See Id.* at 20.  Upon receipt of the disclosure agreement, the producing party may object in writing within seven days to the designation.  Defendant Powerteq failed to file a timely objection when Definitive Holdings submitted the required disclosure agreement to have Mr. Conforti designated as a Technical Advisor.  Although improper, the court did not hold this failure against Powerteq in its prior order due to concerns involving the overarching principles of the Protective Order.  ([ECF No. 50](), p. 4.)

      To qualify as a Technical Advisor Mr. Conforti cannot be a party to the action, an employee of Definitive Holdings, or a "company affiliated through common ownership." Protective Order p. 4.  Plaintiff Definitive Holdings seeks to remedy the vague status between it and Mr. Conforti cited to by the court previously, by submitting another declaration from Mr. Conforti.  Mr. Conforti states: he is one of the co-inventors of the patent in suit; "Definitive Holdings is owned indirectly by the Conforti Family Trust (50%) and, to the best of my knowledge, Rod Barman (50%), my co-inventor on the patent in suit"; Definitive Holdings business purpose is to license the patent in suit and if necessary litigate any infringement; "Rennsport Research is a business venture" Mr. Conforti co-founded with a partner and neither Rennsport Research or the partner in Rennsport Research, has any interest in Definitive Holdings; Mr. Conforti is not employed by any third party; and Rennsport Research has no interest in the patent in suit.  ([ECF No. 55-1](), p. 1-2.)  With this background information, Definitive Holdings argues the Protective Order does not provide that an ownership interest, such as that Mr. Conforti has in Definitive Holdings via the trust, is disqualifying.  Thus, Mr. Conforti

3

is not precluded from being a Technical Advisor because he is not a party to this action and is not presently employed by the receiving party or a company affiliated through common ownership. *See* Protective Order.

The questions presented in this dispute—who should have access to confidential information by being designated a technical advisor and the underlying concerns of inadvertent disclosure or misuse of such information—are common questions in our modern technological competitive landscape. For example, this court has weighed risks of disclosure and dangers of gaining an unfair competitive advantage in denying access to a former business officer and in-house counsel, *Catheter Connections, Inc. v. Ivera Med. Corp.*, No. 2:14-CV-70 TC, 2014 WL 3945880, at *1 (D. Utah Aug. 12, 2014), in preventing the reclassification of an expert report with sensitive information, *ClearOne Commc'ns, Inc. v. Chiang*, No. 2:07 CV 37 TC, 2008 WL 4527344, at *1 (D. Utah Oct. 1, 2008), and in excluding certain individuals from reviewing source code. *White Knuckle IP LLC v. Elec. Arts Inc.*, No. 1:15-CV-36 DN, 2015 WL 6125774, at *2 (D. Utah Oct. 16, 2015).

Courts presiding over patent cases have often crafted protective orders that address the need to limit access to such protected technical information. *See, e.g., Safe Flight Instrument Corp. v. Sundrand Data Control, Inc.*, 682 F.Supp. 20, 22 (D.Del.1988) (collecting cases). "Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser of scientific information." *Id.* Where the protection sought is to prevent a certain individual from viewing information courts balance the risk of inadvertent disclosure to competitors against the risk of prejudice to the other party's ability to prosecute or defend their case. *See Layne Christensen Co. v. Purolite Co.*, 271 F.R.D.

240, 249 (D.Kan. 2010). Here Plaintiff argues that the Protective Order does not disqualify someone who has an ownership interest. And avers that it would be an "extreme financial hardship" if Mr. Conforti is not permitted to be qualified as a Technical Advisor.

After weighing the information that has been submitted and the competing interests, the court finds Mr. Conforti should not be qualified as a Technical Advisor. Contrary to Plaintiff's position, ownership in a trust that shares control of Plaintiff implicates the prohibition against a Technical Advisor who is part of a "company affiliated through common ownership." In this instance it is a trust that shares ownership rather than a company. In practice, however, this is a distinction without a difference as trust ownership could enable Mr. Conforti to utilize a competitor's information for Definitive Holding's unfair competitive advantage. As noted by Powerteq, nothing is disclosed about whether Mr. Conforti is a trustee, a beneficiary or related to any trustee or beneficiary. Further, even if Definitive Holdings has no employees and only seeks to license the patent at issue, or if necessary litigate infringement, Plaintiff has failed to disclose if Mr. Conforti is involved in the business decisions of Plaintiff as a part owner or as an indirect manager or officer. Courts have utilized the "competitive decision making" test when balancing risks and a person's inability to compartmentalize competitive information. *See Suture Exp., Inc. v. Cardinal Health*, 2013 WL 6909158, at *7 (D. Kan. Dec. 31, 2013). "[I]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so." *FTC v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C.Cir.1980); *see also Hitkansut LLC v. United States*, 111 Fed.Cl. 228, 239 (Fed.Cl.2013) ("[T]he fallibility of the human brain is paramount. It is simply impossible for a human being to segregate, or 'unlearn,' certain pieces of knowledge."). And here, given Mr.

5

Conforti's partial ownership of Plaintiff, the risk of either misusing confidential information or inadvertent disclosure is too high to warrant qualifying him as a Technical Advisor when weighed against the burden placed on Plaintiff.

Finally, because the court declines to qualify Mr. Conforti as a Technical Advisor, it denies Plaintiff's joint renewed unsupported request that Plaintiff be permitted to review Powerteq's source code with the help of an editor.

## **ORDER**

Based upon the foregoing, Definitive Holding's Motion is DENIED.

Dated this 6th day of December, 2019.

_____
Magistrate Judge Dustin B. Pead