**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| DEFINITIVE HOLDINGS, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>POWERTEQ LLC, a Kentucky limited liability company,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S SHORT FORM DISCOVERY MOTION**<br><br>Case No: 2:18-cv-00844-DBB-DBP<br><br>Judge David B. Barlow<br>Magistrate Judge Dustin B. Pead |

The matter is before the court on Plaintiff Definitive Holdings, LLC's Short Form Discovery Motion.[1] (ECF No. 63.) Definitive Holdings seeks "the ability to review the [source] code without opposing counsel present." (ECF No. 63 p. 2.) Defendant Powerteq, LLC, is "willing to 'promptly facilitate [Plaintiff's] request to have its experts access the source code review room' … But giving Plaintiff Powerteq's source code files on a USB drive is unreasonable." (ECF No. 64 p. 3) (quoting *Cvent, Inc. v. RainFocus, Inc.*, 2019 WL 1820909, at *2 (D. Utah Apr. 4, 2019)). As set forth below, the court denies Plaintiff's motion.[2]

---

[1] District Judge Ted Stewart initially referred this matter to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A). (ECF No. 22.) It is now assigned to District Judge David B. Barlow who affirmed the prior order of reference. (ECF No. 60.)

[2] The court elects to decide the motion on the basis of the written memoranda. *See* DUCiv 7-1(f)

As noted in prior orders, this is a software patent infringement case involving software in the electronic control unit vehicles. *See* Amended Complaint, ECF No. 8. The Protective Order in this case governs information produced in this action, designating information into protective categories such as Confidential Information – Attorneys Eyes Only and Confidential Information. *See* DUCivR 26-2(a), Protective Order available online at https://www.utd.uscourts.gov/usdc-forms. It also protects source code which is often "'a company's crown jewel, the shining star in the constellation of a computer program's intellectual property rights.'" *Raytheon Co. v. Cray, Inc.*, No. 2:16-MC-0898 DAK, 2017 WL 398362, at *2 (D. Utah Jan. 30, 2017), aff'd, No. 2:16-MC-898-DAK, 2017 WL 823558 (D. Utah Mar. 2, 2017) (citation omitted).

Here, the parties have reviewed Powerteq's source code on two occasions both held at Powerteq's local counsel's office. In each instance "Powerteq's outside counsel 'drove' the laptop in response to verbal requests from [Plaintiff's technical advisor]." (ECF No. 63 p. 1.) According to Powerteq, Plaintiff has now "boldly asked for … complete copies of Powerteq's four source code files so it can review them at its leisure in a location it chooses without Powerteq's counsel present." (ECF No. 64 p. 2, Ex. A, Ohlms Decl. at ¶¶ 12-20.)

Attached to Plaintiff's motion is a proposed amendment to the protective order that would alter the production and reviewing of source code. (ECF No. 63-1.) It provides the following:

> d. Material designated as "SOURCE CODE – HIGHLY CONFIDENTIAL" shall be produced according to the following procedures:
>
> i. Source Code shall be produced in the "native" electronic file format in which the Source Code is typically represented.

ii. Source code must be stored and maintained by a receiving party in the United States at a location and in a secured, locked area that ensures that access is limited to the persons authorized under this Order.

iii. A producing party's Source Code files may only be transported by the receiving party on removable electronic media (e.g., a DVD, CDROM, flash memory "stick," or external drive) via hand carry, Federal Express or other similarly reliable courier.

iv. The receiving party may create and utilize a "working copy" of the Source Code on a non-networked computer. Otherwise, the receiving party shall not duplicate, in whole or in part, the produced Source Code, whether in paper or electronic form. The receiving party shall not print paper copies of any portion of the produced Source Code.

v. The receiving party shall maintain a log of (1) every individual who has inspected any portion of the Source Code in electronic form, and (2) the date and place of such inspection. The receiving party shall, upon request, provide a copy of this log to the producing party.

vi. The receiving party may request a pdf copy of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. The producing party shall produce all such requested Source Code in pdf form, including production numbers and the legend "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY." If the producing party challenges the amount of Source Code requested, the parties will negotiate in good faith to resolve the dispute prior to raising the issue with the Court.

vii. The receiving party may make additional copies, including paper copies, of portions of Source Code provided in pdf form by the producing party, as described in the preceding subparagraph, but only if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including an expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.
viii. The receiving party shall treat all portions of Source Code provided in pdf form, and any copies thereof, with the same degree of security as it treats other "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" documents.

(ECF No. 63-1 p. 3-5.)

In support of Plaintiff's position and its request to basically change the playing field for reviewing and producing source code via the proposed amendment, Plaintiff cites to two cases, *Uni-Sys, LLC. v. United States Tennis Ass'n, Inc.,* 2018 WL 6179433, Case No. 17-cv-147 (E.D.N.Y. Nov. 27, 2018) and *White Knuckle IP, LLC v. Electronic Arts Inc.*, Civil No. 1:15-cv-36 (Oct. 23, 2015). In *Uni-Systems*, the plaintiff objected to having an attorney from another party "oversee the work product of plaintiff's counsel and its experts in reviewing the Source Code." *Uni-Sys.*, 2018 WL 6179433 at *5. The court agreed, finding the oversight improper because of a failure to adequately explain why the standard precautions protecting the confidentiality of source code were insufficient and that it conflicted with "plaintiff's right to work product protection." *Id.* In *White Knuckle*, this court entered a protective order allowing for review of source code without opposing counsel. The protective order states in part: "The Producing Party shall also be entitled to visually monitor the Receiving Party's activities in the source code viewing room from outside such room, through a glass wall or window, so long as the Producing Party cannot hear the Receiving Party or see the contents of the Receiving Party's notes or the display of the Source Code Computer." (ECF No. 63-4, Ex. D p. 13).

While instructive, neither of these cases support the broad sweeping changes Plaintiff seeks. Powerteq has assured the court that it has "no interest in reading the expert's notes or listening to his conversations." (ECF No. 64 p. 3.) And, the protective order provision in *White Knuckle* is far more restrictive than having source code being transported on removable electronic media as sought by Plaintiff. The court is receptive to having Plaintiff review the source code without opposing counsel present via a procedure such as that in *White Knuckle*. Or permit review in a manner suggested by Powerteq, which "offered for Plaintiff's technical

4

advisor to 'drive' the review of the Powerteq source code." (ECF No. 64-1 p. 5.) The court, however, declines to adopt the changes suggested by Plaintiff finding them not supported or warranted under the circumstances. The court readily acknowledges the trying and challenging circumstances created by the COVID-19 pandemic, which impact the parties and the review of source code. The court encourages the parties to find a workable solution within the confines set forth above.

Accordingly, Plaintiff's motion is DENIED as to the request for sweeping changes to the review or production of source code or the entry of the proposed amendment to the protective order.

IT IS SO ORDERED.

DATED this 21 May 2020.

_____
Dustin B. Pead
United States Magistrate Judge