IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEFINITIVE HOLDINGS, LLC, a Utah limited liability company,<br><br>                Plaintiff,<br><br>vs.<br><br>POWERTEQ LLC, a Kentucky limited liability company,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S SHORT FORM DISCOVERY MOTION**<br><br>Case No: 2:18-cv-00844-DBB-DBP<br><br>Judge David B. Barlow<br>Magistrate Judge Dustin B. Pead |

The matter is before the court on Plaintiff Definitive Holdings, LLC's Short Form Discovery Motion.[1] (ECF No. 70.) Definitive Holdings "asked that Defendant[ ] produce 268 pages of source code in pdf format." Mtn p. 1. Plaintiff alleges that it is impossible to estimate how many additional pages of code it may need or how many additional hours of review may be required. Defendant alleges that Plaintiff's motion seeks "broad sweeping changes" to the parties' agreement, an approach the court has already rejected in a prior order. The court looks to Federal Rule 26, which governs discovery disputes.

> Federal Rule of Civil Procedure 26(b)(1) provides that
>
> > the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

---

[1] District Judge Ted Stewart initially referred this matter to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A). (ECF No. 22.) It is now assigned to District Judge David B. Barlow who affirmed the prior order of reference. (ECF No. 60.) The court elects to decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(f)

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. F.R.C.P. 26(b)(1).

Here two principles embedded within Rule 26 must be balanced. First, discovery at this stage is more broadly construed. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (noting that "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" will be deemed relevant). And second, the court must balance proportionality considerations in light of the "parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." F.R.C.P. 26(b)(1); see also Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment (seeking to address the explosion of information that has been exacerbated by e-discovery).

Consistent with these principles, the parties already agreed to establish some form of limitation on the discovery of source code. Plaintiff states:

> The parties previously agreed that Plaintiff would be allowed to designate for production source code totaling two hundred (200) pages, with no more than ten (10) consecutive pages of code, subject to the caveat that if, upon Plaintiff's expert's review of the code, more pages were needed, the parties would discuss the reasonableness of that request." Mtn. p. 1.

This agreement was never reduced to writing by the parties, and now there is disagreement over the last alleged provision, which would allow the review and production of more pages. Plaintiff seeks an open-ended approach, and Defendant points to cases that restrict unfettered access to discovery, asking the court to adopt a similar approach. See Inventor Holdings, LLC v. Wal-Mart Stores Inc., No. 1:13-CV-00096 (GMS), 2014 WL 4370320, at *4 (D. Del. Aug. 27, 2014)

2

(placing limits on the amount of source code that could be printed); *Rensselaer Polytechnic Inst. v. Apple Inc.*, No. 1:13-CV-0633 DEP, 2014 WL 1871866, at *3 (N.D.N.Y. May 8, 2014) (rejecting the plaintiff's request to relieve them of the "agreed upon copying and printing limitations set forth in the protective order."). Plaintiff cites to no cases that would grant unfettered and unlimited access to Defendant's source code. Indeed, the court doubts that such cases exist since they would run counter to the Federal Rules and case law.

Source code has been characterized as posing "a heightened risk of inadvertent disclosure." *Applied Signal Technology, Inc. v. Emerging Markets Communications, Inc.*, 2011 WL 197811, *2 (N.D. Calif. 2011). And, "because source code is extremely confidential ... the burden should be on the party trying to convert source code to paper." *Kelora Systems, LLC. V. Target Corp.*, 2011 WL 6000759, *6 (N.D. Calif. 2011).

Here, the court is persuaded that some production of source code should occur because of its central importance in resolving the issues in this case. F.R.C.P. 26(b)(1). The court, therefore, will order the production of the 268 pages of source code in pdf format that Plaintiff seeks. The need to resolve this case, and the centrality of the code in doing so, warrant going above the parties' oral agreement. Yet, the court will not open a Pandora's box of discovery, and is persuaded there must be some approach to limit it. *See, e.g., Cvent, Inc. v. RainFocus, Inc.*, 2019 WL 7837157, at *2 (D. Utah Apr. 4, 2019) (setting forth restrictions and procedures for the review of source code). The parties reached an agreement previously limiting discovery, and the court will require the parties to engage in their best efforts to reach a new agreement that is memorialized into writing. The court is convinced the parties in this case can cooperate to resolve this issue, and move forward toward resolution.

Accordingly, Plaintiff's Short Form Discovery Motion is GRANTED IN PART. Defendant is to produce the requested 268 pages of source code in pdf format. The court will not order the production of unlimited source code or unlimited hours of review, which is suggested in Plaintiff's motion.

IT IS FURTHER ORDERED that the parties are to meet and confer, and agree to limitations on the production and review of source code within thirty (30) days from the date of this order, and are to set forth their agreement in a protective order.

IT IS SO ORDERED.

DATED this 23 October 2020.

_____
Dustin B. Pead
United States Magistrate Judge