IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEFINITIVE HOLDINGS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br>v.<br><br>POWERTEQ LLC, a Kentucky limited liability company,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:18-cv-844 DBB DBP<br><br>District Judge David B. Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff Definitive Holdings, LLC, moves the court under Local Patent Rule 3.4 (LPR) to (i) amend its Final Infringement Contentions, (ii) compel Defendant Powerteq LLC to supplement its initial disclosures and discovery responses regarding the TrailDash 3 product, and (iii) to identify the "source code grouping that pertains to this product." Mtn. p. 1, ECF No. 93. As set forth herein, the court finds Plaintiff fails to establish good cause because Plaintiff does not demonstrate diligence. Therefore the court will deny the motion.[1]

**BACKGROUND**

This is an action for patent infringement under 35 U.S.C. § 271. "In early 2000, James E. Conforti, Jr. and Roderick A. Barman developed a tool for modifying the software that resides in the electronic control unit of automobiles." Amend. Compl. ¶8, ECF No. 8. Berman's and Conforti's work eventually resulted in a patent being granted for a "method and

---

[1] District Judge Ted Stewart initially referred this matter to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A). (ECF No. 22.) It is now assigned to District Judge David B. Barlow who affirmed the prior order of reference. (ECF No. 60.) The court elects to decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(f)

Apparatus for Reprogramming Engine Controllers." The invention was colloquially called the "Shark Injector invention" and was issued Patent No. 8,458,689 (the '689 patent). Plaintiff Definitive Holdings LLC is an assignee of all rights to the '689 patent.

Defendant Powerteq LLC, is "engaged in the business of manufacturing, selling, offering for sale, and/or importing gasoline and diesel tuning systems" under a variety of brand names. *Id.* at ¶ 5. Plaintiff claims Defendant's products directly infringe the '689 patent and brings additional claims for induced infringement and contributory infringement.

The current dispute centers on a product introduced by Defendant called the TrailDash 3. The TrailDash 3 was publically available for purchase in May 2021. After a number of source code reviews and some agreements reached by the parties, Plaintiff served its amended final infringement contentions on December 17, 2021. Thereafter, on January 11, 2022, the court granted the parties' stipulated motion to amend Plaintiff's final infringement contentions. On January 21, 2022, Plaintiff served its second amended final infringement contentions. The TrailDash3 was not listed in Plaintiff's Amended Complaint, or in any of its infringement contentions. Plaintiff claims it first became aware of the TrailDash 3 on January 17, 2022, and did not have sufficient time to add that product to its second amended final infringement contentions. By the instant motion, Plaintiff seeks to (i) amend its Final Infringement Contentions, (ii) compel Defendant Powerteq LLC to supplement its initial disclosures and discovery responses regarding the TrailDash 3 product, and (iii) identify the "source code grouping that pertains to this product." Mtn. p. 1, ECF No. 93

## DISCUSSION

LPR 3.4 provides that "[a] party may amend its Final Infringement Contentions; or Final Non-infringement, or Unenforceability and Invalidity Contentions only by order of the court upon a showing of good cause and absence of unfair prejudice to opposing parties, made no later than 14 days of the discovery of the basis for the amendment." The questions before the court are, whether Plaintiff can show good cause for its amendment, whether Defendant is prejudiced, and whether the request is made within 14 days of the discovery for the basis of the amendment?

As set forth by the Federal Circuit, to establish good cause, the moving party must first demonstrate diligence in amending its contentions. *See O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.* 467 F.3d 1255, 1368 (Fed. Cir. 2006); *Allvoice Devs. US, LLC v. Microsoft Corp.*, 612 F. App'x 1009, 1015 (Fed. Cir. 2015). "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *O2 Micro Int'l Ltd.*, 467 F.3d at 1366.

Here, Plaintiff asserts the following to establish diligence. First, Plaintiff claims it became aware of the TrailDash 3 on January 17, 2022, and filed the motion to amend within 14 days of the discovery. "To establish diligence, the movant must demonstrate not only that it promptly moved to amend its contentions, but also that it was diligent in discovering the basis for its proposed amendment." *Williamson on behalf of for at Home Bondholders' Liquidating Tr. v. Verizon Commc'ns Inc.*, 2013 WL 12313349, at *2 (S.D.N.Y. Aug. 12, 2013) (citing *West v. Jewelry Innovations*, 2008 WL 4532558, at *2 (N.D. Cal. Oct. 8, 2008)). Plaintiff filed its motion to amend within 14 days of its purported discovery of the TrailDash 3. Yet, Plaintiff fails to offer details about its diligence in discovering the TrailDash 3, or offer any reasons for the delay. Plaintiff attaches the user manual for the TrailDash3 and

3

Dashpaq+ to its motion noting their similarities ostensibly for the basis of demonstrating infringement. But, this is insufficient to explain the delay in discovering the TrailDash3.

Next, Plaintiff points to Interrogatory No. 9 arguing Defendants should have identified the TrailDash3 as part of its discovery obligations long ago. Interrogatory No. 9 states: "Identify all products sold by Powerteq since March 2001 that operate or have been advertised to operate by plugging into an OBDII port, saving stock files, and installing a tune file." Mtn. p. 3. This interrogatory, however, was objected to by Powerteq as vague, overly broad, and exceeding the number of interrogatories permissible under Fed. R. Civ. P. 33. Plaintiff did not seek to rebut these objections and the interrogatory was never responded to by Powerteq. An unanswered interrogatory that in the court's view, appears over broad on its face, cannot form a foundation for diligence.

Finally, Plaintiff points to the parties' cooperation in identifying the version of source code that is "representative of the various accused products" noting this cooperation undermines any assertions by Powerteq that adding the TrailDash3 at this time would be highly prejudicial. The parties' cooperation, while commendable and expected by the court in resolving disputes, is not a proper basis for establishing diligence.

While diligence is a fact-specific inquiry, courts "have tended to rely substantially on the length of delay as the most important factor." *Philips N. Am. LLC v. Fitbit LLC*, 2021 WL 5417103, at *3 (D. Mass. Nov. 19, 2021). Courts have rejected assertions of diligence where new products were available for five months or more. *See, e.g., Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*, 2007 WL 2221029, at *1 (N.D. Cal. July 30, 2007) (finding the plaintiff failed to meet the burden to demonstrate good cause after waiting five months); *GoPro, Inc. v. 360Heros, Inc.*, 2017 WL 1278756, at *2 (N.D. Cal. Apr. 6, 2017) (seven

months); *Angioscore, Inc. v. TriReme Med., Inc.*, 2015 WL 75187, at *5 (N.D. Cal. Jan. 6, 2015) (ten months); *Thermapure, Inc. v. Giertsen Co. of Illinois*, 2012 WL 6196912, at *4 (N.D. Ill. Dec. 11, 2012) (eleven months); *Philips N. Am. LLC*, 2021 WL 5417103, at *4 (six months to a year).

Here the amendment is based on a product that has been publicly available since May 2021. There is nothing establishing an excuse for Plaintiff's delay in discovering the product. The court concludes Plaintiff has not met its burden of demonstrating diligence. Because Plaintiff has not shown diligence, there is "no need to consider the question of prejudice to [Powerteq]." *O2 Micro*, 467 F.3d at 1368.

## ORDER

For the foregoing reasons, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

DATED this 16 March 2022.

_____
Dustin B. Pead
United States Magistrate Judge