IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEFINITIVE HOLDINGS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br>v.<br><br>POWERTEQ LLC, a Delaware limited liability company,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:18-cv-844 DBB DBP<br><br>District Judge David B. Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendant Powerteq LLC moves to compel Plaintiff to comply with the Parties' agreement concerning claim construction. (ECF No. 98.) Specifically, Powerteq seeks to update its 2019 disclosure of proposed claim terms to be construed, and the accompanying proposed constrictions, based upon Plaintiff's amendments to its infringement contentions. Powerteq further seeks an order instructing Plaintiff to "participate in a meaningful exchange of counter-constructions in an effort to reach agreement on the terms to be submitted to the Court for claim construction." Mtn. p. 2. As set forth below, the court will grant the motion.[1]

## BACKGROUND

This is an action for patent infringement under 35 U.S.C. § 271. "In early 2000, James E. Conforti, Jr. and Roderick A. Barman developed a tool for modifying the software that resides in the electronic control unit of automobiles." Amend. Compl. ¶8, ECF No. 8. Berman's and Conforti's work eventually resulted in a patent being granted for a "method and

---

[1] District Judge Ted Stewart initially referred this matter to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A). (ECF No. 22.) It is now assigned to District Judge David B. Barlow who affirmed the prior order of reference. (ECF No. 60.) The court elects to decide the motion on the basis of the written memoranda. See DUCivR 7-1(f).

Apparatus for Reprogramming Engine Controllers." The invention was colloquially called the "Shark Injector invention" and was issued Patent No. 8,458,689 (the '689 patent). Plaintiff Definitive Holdings LLC is an assignee of all rights to the '689 patent.

Defendant Powerteq LLC, is "engaged in the business of manufacturing, selling, offering for sale, and/or importing gasoline and diesel tuning systems" under a variety of brand names. *Id.* at ¶ 5. Plaintiff claims Defendant's products directly infringe the '689 patent and brings additional claims for induced infringement and contributory infringement.

The parties' instant dispute arises from differing interpretations of communications and negotiations between the parties. In August 2019, the parties deemed their infringement contentions final and subsequently in September 2019, the parties exchanged proposed claim terms and constructions under Local Patent Rule 4.1(a) (LPR),[2] followed by a meet and confer in compliance with LPR 4.1(b). The parties then sought multiple modifications to the scheduling order that included new deadlines to serve amended final infringement contentions and deadlines regarding the claim construction process. *See* Court orders, ECF No. 54, 59, 62, 66, 69, 82, 90, 92. Two schedule modifications specifically permitted amended final infringement contentions and another modification moved the date for amended final unenforceability and invalidity contentions. These include December 10, 2021 and February 25, 2022 in the court's September 2021 order (ECF No. 90.) and a further modification for Plaintiff's final infringement contentions to January 21, 2022. (ECF No. 92.) With this backdrop the court turns to the parties' dispute.

---

[2] LPR 4.1(a) provides: "No later than 14 days after service of the Final Contentions pursuant to LPR 3.1 and LPR 3.2, each party must serve a list of (i) the claim terms and phrases the court should construe; (ii) proposed constructions; (iii) identification of any claim element that is governed by 35 U.S.C. § 112(f); and (iv) a description of the function of that element, and the structure(s), act(s), or material(s) corresponding to that element, identified by column and line number of the asserted patent(s)."

## DISCUSSION

Powerteq asserts that during the parties' meet and confer process in the summer of 2021 regarding Plaintiff's need to amend its infringement contentions, Powerteq requested a meet and confer process to refine and narrow claim construction terms "to reflect the actual issues presented in the case subsequent to Plaintiff's amendment of its contentions." Mtn. p. 2. Allegedly, Plaintiff agreed to this process, but after amending its final infringement contentions twice, Definitive seeks to "handcuff Powerteq to its outdated 2019 positions to gain an unfair advantage." Mtn. p. 2.

In contrast, Definitive argues the claim terms to be construed are not a function of its infringement contentions and Powerteq should have been on notice, even before this suit was filed, concerning what would be at issue based on an infringement analysis and the need to construe claims before filing its Answer and Counterclaim. Moreover, any agreement reached by the parties was "just to 'refine and narrow' claim construction terms, not to reconsider and expand the terms to be construed." Op. p. 9. This is evidenced by a lack of any agreement to repeat the LPR 4.1 process in the parties' joint motion to amend the schedule filed in September 27, 2021, in contrast to prior amendments to the schedule. While the court agrees with the general principles set forth by Plaintiff regarding an infringement analysis, and the need to construe certain claims by the parties, Plaintiff fails to account for the plain language of the Local Patent Rules.

LPR 4.1(a) provides: "No later than 14 days after service of the Final Contentions pursuant to LPR 3.1 and LPR 3.2, each party must serve a list of (i) the claim terms and phrases the court should construe; (ii) proposed constructions; (iii) identification of any claim element that is governed by 35 U.S.C. § 112(f); and (iv) a description of the function of that element, and

the structure(s), act(s), or material(s) corresponding to that element, identified by column and line number of the asserted patent(s)." By its plain language, the deadlines in LPR 4.1(a) rely upon the service of Final Contentions pursuant to LPR 3.1 and 3.2.

LPR 3.1 concerns "final contentions." It provides:

> A party claiming patent infringement must serve on all parties "Final Infringement Contentions" containing the information required by LPR 2.3 (a)–(h) no later than 21 weeks after the due date for service of Initial Infringement Contentions. Each party asserting invalidity or unenforceability of a patent claim must serve on all other parties, within 14 days after the Final Infringement Contentions are due, "Final Unenforceability and Invalidity Contentions" containing the information required by LPR 2.4 (b) and (c). Final Infringement Contentions may rely on no more than 8 asserted claims, from the set of previously identified asserted claims, per asserted patent without an order of the court upon a showing of good cause and absence of unfair prejudice to opposing parties. Final Unenforceability and Invalidity Contentions may rely on no more than 10 prior art references, from the set of previously identified prior art references, per asserted patent without an order of the court upon a showing of good cause and absence of unfair prejudice to opposing parties.

LPR 3.1.

Based on a reading of LPR 4.1(a) and LPR 3.1 together, the court finds that by reaching an agreement to amend final contentions, the parties also inherently agreed to reengage in the LPR 4.1(a) process. Although LPR 4.1 was not specifically mentioned in some of the parties amendments to schedule, the court agrees with Powerteq that it would be patently unfair to allow Plaintiff to amend its final contentions multiple times, months and even years into a case, without then requiring the parties to narrow down the scope of this litigation via a meet and confer process regarding "claim terms and phrases the court should construe." LPR 4.1. Both parties had the benefit of many extensions in this case and thus, both parties are required to incur the burden of those extensions. Plaintiff's arguments to the contrary are "inconsistent with the fundamental precept of Anglo–American jurisprudence that you cannot have your cake and eat it, too." *I.T. Consultants, Inc. v. Republic of Pakistan*, 351 F.3d 1184, 1191 (D.C. Cir. 2003).

## ORDER

Based upon the foregoing, Defendant's Motion to Compel is GRANTED. The parties are ordered to participate in a meaningful meet and confer exchanging counter-constructions in an effort to reach agreement on the terms submitted to the court for claim construction.

IT IS SO ORDERED.

DATED this 22 April 2022.

_____
Dustin B. Pead
United States Magistrate Judge