IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEFINITIVE HOLDINGS, LLC, a Utah limited liability company,<br><br>      Plaintiff,<br>v.<br><br>POWERTEQ LLC, a Delaware limited liability company,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:18-cv-844 DBB DBP<br><br>District Judge David B. Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

  Defendant Powerteq LLC moves the court pursuant to Federal Rules of Civil Procedure 26 and 45 to quash Plaintiff's Second Amended Notice of Deposition served on Hypertech, Inc. (ECF No. 109.)[1] As set forth herein the court will deny the motion.

## BACKGROUND

  This is an action for patent infringement under 35 U.S.C. § 271. "In early 2000, James E. Conforti, Jr. and Roderick A. Barman developed a tool for modifying the software that resides in the electronic control unit of automobiles." Amend. Compl. ¶8, ECF No. 8. Berman's and Conforti's work eventually resulted in a patent being granted for a "method and Apparatus for Reprogramming Engine Controllers." The invention was colloquially called the "Shark Injector invention" and was issued Patent No. 8,458,689 (the '689 patent). Plaintiff Definitive Holdings LLC is an assignee of all rights to the '689 patent.

  Defendant Powerteq is "engaged in the business of manufacturing, selling, offering for sale, and/or importing gasoline and diesel tuning systems" under a variety of brand names. *Id*.

---

[1] This matter is referred to the undersigned from Judge David Barlow pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 22, 60.)

at ¶ 5. Plaintiff claims Defendant's products directly infringe the '689 patent and brings additional claims for induced infringement and contributory infringement.

The current dispute arises from a subpoena served on third party Hypertech, Inc, a manufacturer of engine controller reprogrammers, including a product called the PowerProgrammer III. Defendant served a subpoena on Hypertech seeking information for the PowerProgrammer III because Powerteq believes it is prior art that invalidates the '689 Patent at issue in this case. Plaintiff served its own deposition notice on Hypertech seeking to ask questions concerning a data breach that occurred at Hypertech on approximately January 2, 2004. Plaintiff seeks to create a connection between the data breach and how Powerteq discovered the methods at issue in this suit. In essence, Plaintiff seeks to demonstrate that Powerteq misappropriated Hypertech's code and then used it to infringe the '689 patent.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b) sets forth the general scope of discovery and permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Although the scope of discovery under the federal rules is broad, parties may not engage in a "fishing expedition" in an attempt to obtain evidence to support their claims or defenses. See *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000). Therefore, "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c)(1).

Federal Rule of Civil Procedure Rule 45 governs the form and issuance of subpoenas and operates within the confines of Rule 26. See *Rice v. United States*, 164 F.R.D. 556, 557 (N.D.

Okla. 1995). In certain circumstances the court may or must quash a subpoena on a timely motion. These include if a subpoena inter alia: (1) fails to allow a reasonable time to comply; (2) is outside certain geographical limits as set forth in Rule 45(c); (3) requires the disclosure of privileged or other protected matter, if no exception or waiver applies; (4) subjects a person to undue burden or (5) requires the disclosure of a trade secret or other certain sensitive information. Fed. R. Civ. P. 45(d)(3)(A), (d)(3)(B).

"Generally, a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena." *First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, No. 2:15-CV-00229, 2015 WL 6872333, at *3 (D. Utah Nov. 9, 2015) (quotations and citation omitted); *see also Richards v. Convergys Corp.*, No. 2:05–CV–00790–DAK, 2007 WL 474012 (D. Utah Feb. 6, 2007); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003); *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999).

## ANALYSIS

As an initial matter, the court must consider whether Defendant has standing to move to quash or modify the subpoena served on third party Hypertech. As discussed above, a party generally does not have standing to object to a subpoena issued to a third party unless the party has a personal right or privilege with respect to the subject matter sought by the subpoena. Defendant does not allege it has a personal right or privilege with respect to the information sought by Plaintiff. Thus, there is no standing to contest the subpoena issued to Hypertech. Defendant does cite to Rule 45 alleging the subpoena may be quashed or modified if it subjects a person to undue burden. This argument does not create standing and in any event, the court rejects this argument because any claim of hardship or undue burden as it relates to Rule 45 is

improper. The subpoena is not issued to Powerteq and Powerteq faces no obligation to produce the information.

Finally, a Rule 45 subpoena does fall within the proper scope of discovery under Federal Rule 26. *See US Magnesium,* 2020 WL 12847147, at *5 (applying relevancy considerations to subpoena); *Frappied v. Affinity Gaming Black Hawk, LLC* 2018 WL 1899369 *3 (D. Colorado April 20, 2018) ("a subpoena is bound by the same standards that govern discovery between the parties, and, to be enforceable, a subpoena must seek information that is relevant to a party's claims or defenses and proportional to the needs of the case"); *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995) (finding Rule 45 subpoenas constitute discovery). So, a party may be able to assert objections to a subpoena such as a lack of proportionality or relevancy. Defendant does cite to Rule 26 in its motion. However, at this stage information need not be admissible to be discoverable and although Plaintiff's theory appears fairly implausible, that question is better left for another day following the production of the information.

ORDER

Based upon the foregoing, Defendant's motion is DENIED.

DATED this 28 September 2022.

_____
Dustin B. Pead
United States Magistrate Judge

4