UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DEFINITIVE HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>POWERTEQ LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [ECF No. 293] DEFENDANT'S BILL OF COSTS**<br><br>Case No. 2:18-cv-00844-DBB-DBP<br><br>District Judge David Barlow |

On April 25, 2024, the court granted summary judgment to Defendant.[1] On April 14, 2026, the Tenth Circuit affirmed the court's ruling and entered judgment in favor of Defendant.[2] As the prevailing party, Defendant timely filed a Bill of Costs to which Plaintiff objected.[3] Defendant seeks $34,980.11 as reimbursement for costs under 28 U.S.C. § 1920.[4]

Discretion to deny an award of costs lies with the court, not with the Clerk who taxes costs as a ministerial duty. Because the Clerk cannot evaluate Plaintiff's arguments in the matter, the court will proceed to analyze the Bill of Costs and the parties' briefing.

Under Rule 54 of the Federal Rules of Civil Procedure, "costs—other than attorney's fees—should be allowed to the prevailing party."[5] However, a party "must comply with the District's standard procedures for filing a bill of costs to obtain an award of costs."[6] Thus, "[t]he

---

[1] *Definitive Holdings, LLC v. Powerteq LLC*, 731 F. Supp. 3d 1243, 1251–62 (D. Utah 2024).
[2] Judgment, ECF No. 292-1, filed May 21, 2026.
[3] Def.'s Bill of Costs, ECF No. 293, filed May 29, 2026; Pl.'s Obj., ECF No. 296, filed June 26, 2026.
[4] ECF No. 293 at 1.
[5] Fed. R. Civ. P. 54(d)(1).
[6] *Wyssling v. Swensen*, 2:23-cv-00344, 2025 WL 1697020, at *4 (D. Utah June 17, 2025) (citing DUCivR 54-1).

court's local rules dictate the process for prevailing parties to seek costs."[7] Specifically, the applicable local rule states that "the party entitled to recover costs must file a bill of costs on the court's form *and* a supporting memorandum" that "clearly and concisely itemize[s] and describe[s] the costs"; "identif[ies] the statutory basis for seeking reimbursement of those costs under 28 U.S.C. § 1920"; and "include[s] and reference[s] copies of applicable invoices, receipts, and disbursement instruments."[8]

Here, Defendant did not file a memorandum in support of the Bill of Costs. Instead, Defendant merely attached invoices to the court's bill-of-costs form without description, itemization, or excision of the non-taxable costs where applicable.[9] Defendant acknowledges its failure to file a memorandum but argues that because Rule 54(d)(1) creates a presumption in favor of costs, "any curable local-rule issue should be addressed by permitting supplementation, not by denying costs entirely."[10] The Tenth Circuit is clear, however, that even with the presumption, the prevailing party still "bears the burden of establishing the amount of costs to which it is entitled."[11] The local rule, likewise, is clear that a party seeking costs "must" file both a bill of costs and a supporting memorandum that "clearly and concisely itemize[s] and describe[s] the costs."[12] Granted, a court has "broad discretion" in awarding costs.[13] But here, Defendant's failure to satisfy the local rules precludes meaningful review by the court.

---

[7] *Id.*
[8] DUCivR 54-2(b)(2)(A), (B)(i).
[9] *See, e.g.*, ECF No. 293 at 7, 8, 36, 47, & 58 (listing non-taxable costs, such as shipping, in the total sum requested).
[10] Def.'s Reply in Support of Bill of Costs 4, ECF No. 297, filed July 6, 2026.
[11] *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009).
[12] DUCivR 54-2(b)(2)(B)(i).
[13] *Williams*, 558 F.3d at 1148 (citation omitted).

In sum, Defendant has not met its burden to establish the amount of costs to which it is entitled. Therefore, the court denies Defendant's request for costs.[14]

## ORDER

Accordingly, the court DENIES WITHOUT PREJUDICE Defendant's Bill of Costs.[15]

Signed July 31, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

---

[14] *See, e.g.*, *Wyssling*, 2025 WL 1697020, at *4–5 (denying request for costs where plaintiff failed to provide invoices, receipts, and sufficient detail explaining why each expense was necessary); *Crim. Prods., Inc. v. Brinkley*, No. 2:17-cv-00550, 2020 WL 13555922, at *3 (D. Utah June 30, 2020) (awarding attorney fees but denying costs for failure to comply with the local rules).

[15] ECF No. 293.